In the Matter of BETTY O. MUKA, Appellant, v. BOARD OF EDUCATION OF THE ITHACA CITY SCHOOL DISTRICT et al., Respondents.—Appeal by the petitioner from a judgment of the Supreme Court at Special Term, entered October 2, 1972 in Tompkins County, which dismissed the petition in its entirety. The proceeding was initiated for the purpose of preventing the respondents from proceeding with a certain educational program which the petitioner contended was in violation of certain laws, rules and regulations. At the time this proceeding came before Special Term the educational program was not in operation as it had been halted pending approval of the State Department of Education. Upon the present record it is apparent that there was no justiciable controversy for the purposes of declaratory judgment and further that there was no present or proposed official action to which a remedy pursuant to CPLR article 78 might be applied. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.

RALPH GRAHAM, Respondent, v. RAYMOND TEN EYCK, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered May 3, 1972 in Saratoga County, which denied the defendant's motion to strike the note of issue designating venue as Saratoga County and to have venue established in Warren County. Plaintiff, a resident of Saratoga, commenced an action against defendant, a resident of Warren County, for damages sustained as a result of an automobile accident that occurred in Saratoga County. The summons stated that trial was desired in Warren County, but the subsequent complaint placed the venue in Saratoga County. All further pleadings placed the venue in Warren County until plaintiff filed a note of issue in Saratoga County. Upon the motion to strike the note of issue and place the venue in Warren County, defendant contends plaintiff is estopped from denying that Warren County is the proper place of venue. With this contention we cannot agree. There is no showing to what extent or in what manner plaintiff's inconsistent conduct caused prejudice or detriment to defendant. Thus one of the essential elements of an estoppel is lacking (*Village of Chester v. Kantod Park Assn.*, 13 A D 2d 709). The court below, in the proper exercise of its discretion, permitted the amendment of the summons and other pleadings and the action should remain upon the Trial Calendar in Saratoga County (CPLR 305, subd. [c]). Order affirmed, with costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.